and for the appellant we have Karen Weiberg. Did I get that right? Yes. I got lucky. And for the appellee, Kathy Shepard. Case number 412-0901. You probably noticed that we only have two judges up here. Justice Harris had to attend a funeral and we didn't want to continue the case. We felt it would be okay to go ahead with orals. So he will listen to the audio and then confirm with Justice Seidman and I before we reach our decision. Just because there's only two of us up here questioning, that doesn't mean your questions will be reduced by one-third. So with that having been said, please proceed. Thank you, Your Honors. Good afternoon. And may it please the Court, I am Karen Weiberg. I'm here representing Danny Kuehner. Danny Kuehner filed a pro se post-conviction petition. The circuit court took that petition and within 90 days ruled based on the merits that it was not frivolous and patently without merit and advanced it to the second stage of proceedings and appointed counsel. After about three years thereafter, counsel filed a motion to withdraw. It was labeled a Finley motion, but in essence it was a motion for people v. Greer to withdraw as post-conviction counsel. That motion was So the question that we have raised in our appeal and that we're really addressing here is whether that motion to withdraw should have been allowed. And we have, in our briefs, we've really addressed two reasons why that shouldn't have been allowed. However, I would like to focus, if I may, on the second. We addressed Rule 651C compliance, which is a factor under of a claim which is not frivolous or patently without merit. And I think that second part is really the heart of the issue here. And I'd like to, if I may, sort of focus on that here, although of course I'm happy to take questions on any other issue. So when we're addressing the question of whether he had at least one claim that was not frivolous and patently without merit, which is what Greer requires in order to reject the motion to withdraw. First of all, it's important to note what the claim at issue is here. And the claim is, in many respects, a fairly simple ineffective assistance of counsel claim. Danny alleged in his petition and in the supporting affidavits that his attorney informed him that there had been blood found on his clothing, blood that would most likely turn out to be the victim's. Obviously some fairly incriminating evidence. It came out during, actually in the course of the sentencing hearing, it was revealed that there was no blood of any kind whatsoever on Danny's clothing. Danny has alleged that it was because of the misrepresentations that he received from his attorney that he agreed to plead guilty. And he has the case law refers to, to the most serious charge that he faced, which was the charge of attempt murder. That was the most serious charge to which he pled. Now, in addressing the merits of this particular claim and why it is not frivolous and patently without merit, initially speaking, he's established all of the basic points here. Was there a misrepresentation of evidence? Well, the affidavits, which at this point have been taken as true, clearly allege that there is this statement regarding blood on the clothing. The record demonstrates that there was no blood on the clothing. So there was a misstatement of evidence. Did that misstatement induce him or cause him to plead guilty? Well, we have, again, his statement, yes, I wouldn't have pled guilty otherwise. We have the fact that he actually tried to withdraw his plea prior to sentencing. This wasn't sort of a classic buyer's remorse scenario where a defendant all of a sudden realizes, wow, I'm sitting in prison for 35 years now and I wish I hadn't pled guilty. He had never been sentenced. He still could have received a much lower sentence when he asked to withdraw his plea because he felt that he had been coerced by his attorney. And we have the existence of a meritorious defense, which further supports the notion that he would not have pled guilty. And in this case, we know there's at least a plausible defense, simply because it's a defense that has already succeeded. Codefendant Chris Howell did go to trial. Codefendant Howell was being held accountable, just as Danny Keener was, for the actions of a third man, Bruce Lloyd, who actually assaulted and injured the victim in this case. And Chris Howell, under that same theory of accountability, was found not guilty of attempt murder. He was found guilty of the lesser charge of aggravated battery. Now, under those circumstances, I would say that that is- Howell was never in the residence of the victim, correct? No, Howell was never in the residence, no. So there is, I don't want to suggest that there was absolutely no difference in what Mr. Keener and what Mr. Keener did. But the trial court in this case even found themselves, there was never any evidence that Danny actually participated in harming this victim, or even that he was present at the time that the victim was being harmed. So when we talk about the difference between attempt murder and aggravated battery, that's really a question of what the actions of this third person, Bruce Lloyd, amounted to. Were those actions attempt murder, or were those actions aggravated battery? And if, as Howell is concerned, those actions can be considered aggravated battery, then equally, as Danny is concerned, those actions could be considered aggravated battery, which would have given him a at least plausible defense to the most serious charge that he faced. So that's sort of the outlines of why we really feel that there is a meritorious claim here. At least a claim which is not frivolous and patently without merit. And it does bear notice that, in fact, the trial court has already determined that there was at least one claim in this petition that was not frivolous and patently without merit. That's what I wanted to ask you about. You seem to be asserting that because the trial court advanced the defendant's prosecution from the first stage to the second stage, that that's the same thing, that's the same issue that defense counsel confronts when deciding whether or not there's a sufficient basis in the case before him or her to proceed. The frivolous and patently without merit aspect of Greer says that that's what counsel has to conclude. Do I understand you correctly? Mostly, although I would like to qualify that and make it clear. We're not suggesting that there can never be a time when a trial court might advance a petition on the merits, and an attorney might reasonably later conclude this, in fact, is a frivolous claim. Things can happen in the course of an attorney's investigation. They could learn that, for example, one of the affiants has decided that they're not going to testify, or they could recant their statement. There could be a change in the law. I mean, the Illinois Supreme Court could issue a decision that takes an issue that previously was arguable and renders it no longer arguable. In this case, however, not only did counsel not point to any new facts that would render this claim now frivolous where previously it wasn't, counsel didn't address this claim at all. And so we really are dealing with a situation where, as far as the frivolousness determination is concerned, literally nothing has changed from the day that the trial court made its decision and said, this petition is not frivolous and patently without merit, it needs to go to second stage, to the day when the trial court then turned around and said, actually, we're going to allow counsel to withdraw. Well, the problem, though, with that argument, appears to me, is that you're equating standard at the first stage with counsel's evaluation on deciding whether or not to file a motion to withdraw, whether there's any basis to proceed, whether in counsel's justification. After counsel being, by definition, some criminal defense attorney, typically experienced, especially as a court appointed in this case, determines that the claims are frivolous and patently without merit, you're equating that determination with first stage, where, as the Supreme Court has repeatedly stated, since the petition at that stage is filed by pro se petitioners, usually sitting in the joint, the question is, does it state the gist of the claim to be advanced? Isn't that the criterion? Oh, yeah, that's to advance a claim, that is, yeah, to state a gist. Clearly, there's no gist application involved in defense counsel's determination, is there? No, Your Honor, but actually, People v. Hodges. So then, how are they at all relevant? Well, because, Your Honor, there is a difference, in my opinion, with all due respect, between a gist determination and a frivolous and patently without merit. People v. Hodges discusses the fact that when you talk about a gist, you're talking about the bare bones of what a defendant is required to allege. I mean, the limited factual detail that they have to provide. A small threshold. Just enough to alert the court that there's some claim out there. But isn't it an entirely different assessment when the court-appointed counsel, after investigating the matter, decides whether or not this is a basis to proceed, or whether the claims that have been called to his or her attention by the defendant are frivolous or patently without merit in counsel's opinion? Well, the gist may not apply. Presumably, at this point, counsel is looking beyond the barest allegations that the defendant has made. And counsel is investigating the claim, and counsel is no doubt capable of formulating the claim beyond a mere gist. But the question of whether it's frivolous and patently without merit, Hodges was very clear. That's not a gist. That's a different standard. Gist is allegation. Frivolous and patently without merit is about the merit of the claim itself. And the conclusion that a claim is frivolous and patently without merit would remain the same whether it's an attorney making that conclusion or whether it's a judge making that conclusion. I don't understand your response. Are you telling me that the standard is the same when the court evaluates a petition at the stage one, as it is with defense counsel after counsel's investigation is deciding whether to make a motion to withdraw? Well, people read Greer states that it's still a frivolous and patently without merit question. That is the standard that Greer announces. Does the issue of whether it states a gist apply at that stage for defense counsel? No. The gist, which is purely in terms of the level of allegation, would not apply at that point, in my opinion. You seem to be arguing as if the determination to advance in this very case from stage one to stage two by Judge Kelly somehow trumped the later determination that defense counsel made that raising these arguments would be frivolous and patently without merit. Yes, indeed, because what we're concerned with here is not the bareness of the allegation, whether we have a gist here. What we're concerned with is whether the claim that has been alleged. How do we know that? Well, I believe that – well, we know that because the claim is fully stated. That is, how do we know – you're assuming that Judge Kelly, who we presume knows the law, when he advanced this case from first to second stage, made a determination that it passed the test, the only test that need pass, which is, does it state the gist? What relevancy is that for the later assessment by defense counsel? Well, because in order for it to pass to second stage, that requires a determination that it is frivolous and – that it is not frivolous and patently without merit, which is precisely the determination that is required to allow a motion to withdraw. And in this case, the record doesn't show us anything that changed, anything that transpired. So the test is the same for the trial judge at the first stage to advance to the second stage, as it is for a trial lawyer, subsequently appointed, conducts an investigation, to conclude that filing a petition or pursuing this petition would be frivolous and without – patently without merit. Under people's degree, yes. Does your interpretation agree? Again, I'm not – If we disagree with that, do you lose? No, we still win because the claim is – still does, in fact, have merit. Go ahead. So as far as that is concerned, though, yes. Again, we're not disputing that it could happen. Just in this particular case, the record contains no information demonstrating that anything changed that could alter that interpretation. That being said, I think that there's been some debate within the briefs about whether or not this claim was actually, in fact, alleged in the petition. And I would like to address that briefly just to ensure. And under People v. Towns and any number of other cases, whenever one is assessing these kinds of pro se filings and the claims that they state, one takes account of both the petition itself and the supporting affidavits that are in it. As I believe we demonstrated in our briefs, when you combine the statements that are in the affidavits with the statements that Danny made within his petition, you do, in fact, have all of the necessary facts to raise this claim of ineffective assistance of counsel. So that has been fully alleged in the petition and is, therefore, it was properly before the court and is properly before this court. If there are no further questions, then thank you very much. No, you'll have rebuttal. Thank you very much. This is Thomas Shepard. As Justice Seidman was mentioning, as far as what the first stage determination is, there are many reasons, as the court is aware, that a trial judge at the first stage may advance a petition to the second stage. The court here did find that the petition was not frivolous or palely without merit, but that does not control, at the second stage, it does not control as to whether or not counsel should be allowed to withdraw. To find otherwise would go against what the Supreme Court and this court, which decided rare at the appellate level, emphasized as to counsel's duties. Counsel is not required to advance frivolous claims and, in fact, has an ethical duty not to do that. So, also, as to what the petition does and does not allege, of course, we asserted in our brief that the petition did not allege the claim the defendant asserts it did. The defendant did not state that he wouldn't have pleaded guilty but for this supposed statement to his aunt as to blood on his shirt. The petition also did not allege that counsel informed him that there was blood on his shirt or anything as to the evidence. The petition vaguely said that counsel lied to him and his aunt and his mother in an effort to coerce a guilty plea from him. And I'd like to touch on something that we did talk about in the brief, but I'd like to expand on it, and, of course, that is that the defense worthy of consideration issue, we argued that there was no defense worthy of consideration. And that's the other thing the defendant would have to establish eventually, that he had a defense worthy of consideration. And that's part of the requirement that he has to show that, but for any error by counsel, that there's a reasonable probability that he would have not pleaded guilty and would have insisted on going to trial. And he alleged in his petition that he had a defense worthy of consideration, that he was not guilty of attempted murder for two reasons. One, because co-defendant Howell was acquitted of attempted murder and convicted of aggravated battery. And also because he alleged police and medical records that he alleged Counsel Sharp hid from him in order to coerce him to plead guilty showed that the victim's medical condition was not brave enough to support an attempted murder charge. Defendant's petition thus indicates that the lies that he asserts Counsel Sharp told him, but which he never identifies in his petition. He never filed an affidavit stating what these supposed lies were, may have been that the victim's medical condition was more serious than was shown in the medical and the police reports that he alleges Counsel hid from him, and which he asserts would not support an attempted murder charge. And that claim, and defendant's claim that he showed he had a defense worthy of consideration are refuted by the record, which shows that the frail, deaf, and nearly blind 98-year-old victim's injuries were extremely serious. And also the claim that defendant had a defense worthy of consideration because Howell was convicted only of aggravated battery also is refuted by the record, which shows that Howell was a juvenile, he was much less involved in these offenses, he never entered the house, and also the defendant was charged with many offenses in this case, and one in another case, aggravated robbery, all of which were dismissed in exchange for his guilty plea in this case to attempted murder and home invasion. And also the factual basis for the case. The aggravated robbery was unrelated to this case? It was charged in another case, and I believe it was part of the crime spree, if I'm remembering correctly, that defendant and Lloyd engaged on. He robbed a cab driver, and that's how he and Lloyd were caught, the cab driver. So that was part of the plea agreement, to dismiss that? Yes, yes, Your Honor. So the record shows that defendant and Howell were not similarly situated, and post-conviction counsel explained that they weren't in her brief in support of her motion to withdraw. The record refutes the petition's claim that defendant had a plausible defense, and it shows that there's no reasonable probability that, but for any error by counsel, defendant would not have pleaded guilty and would have insisted on going to trial. And the State would like to clarify, we've never conceded that counsel sharp lied or made any misrepresentation to defendant, his mother, or his aunt. The State, of course, argues the petition and affidavits don't state that claim. The defendant, on appeal, now asserts they do, that counsel sharp lied to him, his mother, and his aunt about evidence that the State had against him, namely about blood on his shirt. But we would also argue that even if the court were to find that the petition was sufficient to state that claim, defendant cannot establish an effective assistance because he's never alleged in his petition or any affidavit, again, which he never filed, that because of that alleged lie, he pleaded guilty. And also where the record shows there's no reasonable probability of a different result in that he doesn't have a defense worthy of consideration, and there's nothing showing that he would have insisted on going to trial instead because of this supposed... On the record before us in this case, do we know why the one co-defendant was found guilty of the lesser offense? I don't have that in my brief. He was the juvenile? The juvenile, yes. And counsel asked for oral argument after he filed, or when he filed the reply brief, so we tried to get the record, but we were not able to do that. So I don't think that the record shows that, but perhaps it does. Unless the court has any further questions, we simply ask that you confirm the judgment of the trial court. Thank you. We follow? Thank you, Your Honor. I would like to address just a couple of points there. First of all, as to the similarly situated, the fact that Howell was a juvenile at the time, Howell's status as a juvenile is completely irrelevant to the question of whether the offense that he was convicted of was an aggravated battery or whether it was an attempt... Was Howell's case a bench trial or a jury trial? It was a bench trial, actually. Actually, I want to correct myself. I'm not 100% certain, and I don't want to tell you something that I'm not certain of. I believe it was a bench trial, but because of the charges he was facing, he may have been eligible for a jury trial. But in the end here, while again, we've never contended that their actions were exactly the same, the difference between aggravated battery and attempt murder is not in the degree of accountability. They're both accountable for whatever Bruce Lloyd did. If a court found that what Bruce Lloyd did was aggravated battery as opposed to being attempt murder, then that's just as reasonable a finding for Danny Keener as it is for Chris Howell. The fact that Howell was perhaps a somewhat lesser participant in this, although his affidavit that he later gave Mr. Keener and that was given at the trial court indicates that he was a somewhat greater participant in it than he originally admitted. But regardless, we're dealing with an accountability situation, and the accountability is for the acts of Mr. Lloyd, which are the same regardless. And if a court could determine that what Mr. Lloyd did was not attempt murder, it was aggravated battery, that is a determination that could apply equally well to Danny or to Chris. As far as what the petition does and doesn't state in terms of the lies that were told, Danny references a great many lies that he feels he was told by his attorney. We have chosen to focus on a particular lie or misstatement, we don't know, but a particular misstatement of evidence simply because it happens to be very clear in the record. We have the affidavit which expressly states that Mr. Sharp told Danny's aunt, I believe it was, about this blood on his clothing, and we have affidavit stating that they conveyed the information from Mr. Sharp to Danny at Mr. Sharp's behest. And we have the record which clearly demonstrates that there was no blood. So we have a very clear misstatement of evidence there. Whatever other lies may have been involved or misstatements or what have you, this in and of itself is very clear and it's a powerful piece of evidence. Blood on the clothing makes a big difference in the way you view your situation going into a trial. And so that right there, I think, clearly establishes the basis of the claim. And Danny does say several times throughout his petition, I would not have pled guilty if not for the wrongful actions of my attorney. Now how specific he is about that, again, we have to remember this was a pro se petition written by a kid who was 17 years old when he was incarcerated and finished eighth grade. This court, the Supreme Court, have all been very clear that when we're reading these kinds of pro se documents, we need to give them a fairly liberal construction as opposed to the very narrow construction that the state is seeking here. He alleged all of the essential elements of the claim and there is enough there that it was at least argued. So if there are no further questions, we would just ask that you reverse the order allowing counsel to withdraw and remand this back to the trial court so that Danny can have a full second stage hearing with the assistance of counsel. Thank you. Thanks to both of you, the case is submitted and the court stands adjourned until further call.